UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SARA LEE/DE INTERNATIONAL B.V.,

        Plaintiff,

v.

PELL, INC., PAUL D. PELL, BRENT D.
CLARK, and MANAKEY GROUP, LLC,

        Defendants.
_____/

PELL, INC., BRENT D. CLARK, and
MANAKEY GROUP, LLC,

        Counter-Plaintiffs,

v.

SARA LEE/ DE INTERNATIONAL B.V.,

        Counter-Defendant.
_____/

PELL, INC., BRENT D. CLARK, and
MANAKEY GROUP, LLC,

        Third-Party Plaintiffs,

v.

MICHAEL G. KESSLER, KESSLER
INTERNATIONAL CORP., and MICHAEL
G. KESSLER & ASSOCIATES, LTD., d/b/a
KESSLER INTERNATIONAL,

        Third-Party Defendants.
_____/

Case No. 1:03-CV-788

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court to consider three separate summary judgment motions: (1) Plaintiff Sara Lee/De International B.V.'s Renewed Motion for Summary Judgment against

Defendants Paul D. Pell, Pell, Inc., Brent D. Clark, and Manakey Group, LLC regarding Plaintiff's claims and Defendants' counter-claims; (2) Defendant Brent D. Clark's Motion for Summary Judgment as to all claims against him; and (3) Third-Party Defendants Michael G. Kessler, Kessler International Corp., and Michael G. Kessler & Associates, Ltd.'s Motion for Summary Judgment regarding the third-party claims. Oral argument is unnecessary in light of the briefing.

These summary judgment motions concern the parties' claims, which generally relate to two subjects. Plaintiff's claims, and the onus of this action, relate to the allegation that Defendants violated the Trademark Counterfeiting Act of 1984 (15 U.S.C. §§ 1116-1117), the Lanham Trademark Act (15 U.S.C. §§ 1114, 1125), and Michigan state law by knowingly and intentionally purchasing and distributing counterfeit Kiwi Shoe Polish bearing a counterfeit Kiwi Shoe Polish trademark (Reg. No. 1,776,144). (Am. Compl., ¶¶ 16, 21-25.) The counterclaims and cross-claims (brought by all Defendants except for Paul D. Pell) concern the conduct of Plaintiff and the Third-Party Defendants in allegedly causing the conversion of lawful property (Honco shoe polish, computer hard drives, and a file cabinet) during Plaintiff's execution of a Temporary Restraining Order on or about November 5, 2003. (Third-Party Compl., ¶¶ 10, 19; Counterclaims, ¶¶ 14, 17.)

These Motions are brought pursuant to Federal Rule of Civil Procedure 56. Under Rule 56(c), summary judgment is proper only if the pleadings and evidence of record show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In interpreting the record, the evidence of the non-movants is to be believed, and all justifiable inferences are to be drawn in their favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). Summary judgment is particularly inappropriate as to questions of the

intent of a party.  *See, e.g., Marohnic v. Walker,* 800 F.2d 613, 617 (6th Cir. 1986) (citing *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985); *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir. 1981)); *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 624 (6th Cir. 2001).

In this case, the trademark claims involve the issue of whether Defendants acted knowingly and intentionally.  Likewise, the conversion claims (both the third-party and counterclaims) involve the question of whether the Counter and Third-Party Defendants intentionally exercised wrongful dominion over the lawful property of another.  *See Thoma v. Tracy Motor Sales, Inc.,* 104 N.W.2d 360, 362 (Mich. 1960); *Rohe Scientific Corp. v. National Bank of Detroit,* 350 N.W.2d 280, 282 (Mich. Ct. App. 1984).  These questions are not properly decided under Rule 56.  Defendant Clark is likewise not entitled to summary judgment because one plausible construction of the evidence suggests that he intentionally caused the use of counterfeit property with counterfeit trademarks.  The exercise of jurisdiction over the counterclaims and third-party claims is also lawful for the reasons explained by Defendants.  (Resp., Dkt. No. 353, at 32).  For these reasons, as well as the additional reasons given previously in the Court's Order of October 19, 2004, and the reasons argued by the opposing parties, summary judgment should be denied.

**THEREFORE, IT IS HEREBY ORDERED** that   Plaintiff Sara Lee/De International B.V.'s Renewed Motion for Summary Judgment (Dkt. No. 330), Defendant Brent D. Clark's Motion for Summary Judgment (Dkt. No. 334), and Third-Party Defendants Michael G. Kessler, Kessler International Corp. and Michael G. Kessler & Associates, Ltd.'s Motion for Summary Judgment (Dkt. No. 336) are **DENIED**.

DATED in Kalamazoo, MI:  
    June 23, 2005

   /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE