UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SARA LEE/DE INTERNATIONAL B.V.,

        Plaintiff,

v.

PELL, INC., PAUL D. PELL, BRENT D.
CLARK, and MANAKEY GROUP, LLC,

        Defendants.
_____/

PELL, INC., BRENT D. CLARK, and
MANAKEY GROUP, LLC,

        Counter-Plaintiffs,

v.

SARA LEE/ DE INTERNATIONAL B.V.,

        Counter-Defendant.
_____/

PELL, INC., BRENT D. CLARK, and
MANAKEY GROUP, LLC,

        Third-Party Plaintiffs,

v.

MICHAEL G. KESSLER, KESSLER
INTERNATIONAL CORP., and MICHAEL
G. KESSLER & ASSOCIATES, LTD., d/b/a
KESSLER INTERNATIONAL,

        Third-Party Defendants.
_____/

Case No. 1:03-CV-788

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Plaintiff Sara Lee/De International B.V.'s Motion for

Reconsideration of the Court's Order of June 23, 2005, denying Plaintiff's Renewed Motion for

Summary Judgment.  Defendants have opposed the Motion.  Upon review of the Motion and Response, the Court determines that oral argument is unnecessary.

Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof."  Plaintiff's Motion fails to meet this standard.  Also, for the reasons given in the Court's Order of June 23, 2005 and Defendants' Response of August 19, 2005, Plaintiff's Motion fails.  There are simply genuine issues of material fact pertaining to the summary judgment record,[1] including about the manufacture, distribution, sale and licensing of Plaintiff's shoe polish, and especially about the sale of gray market goods in China.  Likewise, there are genuine issues of material fact concerning the sufficiency of Defendants' proofs of counter-claim damages.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Sara Lee/De International B.V.'s Motion for Reconsideration (Dkt. No. 374) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 23, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |

---

[1] The Court also concurs with Defendants' argument that some portions of the record asserted by Plaintiff constitute "hearsay" documents which cannot be considered under Rule 56(c) & (e).  *See  Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991); *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994).