UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SARA LEE / DE INTERNATIONAL B.V., | Hon. Richard Alan Enslen |
| Plaintiff, | Case No. 1:03-CV-0788 |
| v | |
| PELL INC., PAUL D. PELL, BRENT D. CLARK and MANAKEY GROUP LLC, | CONSENT PERMANENT INJUNCTION AND FINAL <u>JUDGMENT ORDER</u> |
| Defendants. _____/ | |
| SARA LEE / DE INTERNATIONAL B.V., | |
| Counter-Defendant, | |
| v | |
| PELL INC., BRENT D. CLARK, and MANAKEY GROUP LLC, | |
| Counter-Plaintiffs. _____/ | |
| PELL INC., BRENT D. CLARK, and MANAKEY GROUP LLC, | |
| Third-Party Plaintiffs, | |
| v | |
| MICHAEL G. KESSLER and KESSLER INTERNATIONAL CORP., and MICHAEL G. KESSLER & ASSOCIATES, LTD. d/b/a KESSLER INTERNATIONAL, | |
| Third-Party Defendants. _____/ | |

THE BROWN LAW GROUP, P.C.
Attorneys for Plaintiff
140 EAST 45TH STREET
NEW YORK, NY 10017
(212) 421-1845

LAW, WEATHERS & RICHARDSON, P.C.
Attorneys for Defendants
SUITE 800, BRIDGEWATER PLACE
GRAND RAPIDS, MI 49504
(616) 459-1171

SILVER & VAN ESSEN, P.C.
Attorneys for Plaintiff
116 OTTAWA AVENUE
GRAND RAPIDS, MI 49503
(616) 988-5600

WARD, ANDERSON, PORRIT & BRYANT, PLC
Attorneys for Third-Party Defendants
300 ENTERPRISE CT., SUITE 100
BLOOMFIELD HILLS, MI 48302
(248) 338-8980

Plaintiff Sara Lee / DE International B.V. ("Plaintiff") commenced the above-captioned action in the United States District Court for the Western District against, *inter alia*, Defendant Pell Inc., (hereinafter "Defendant") and prayed for, *inter alia*, a permanent injunction against Defendant, requiring it to refrain from certain acts described in the First Amended Complaint and more particularly set forth herein, and for damages against it. Upon the First Amended Complaint, and all papers and proceedings heretofore had in this action, and upon agreement, consent, and stipulation of Plaintiff and Defendant, and this Court being fully advised in the premises and having reviewed and approved the entry of this Consent Permanent Injunction And Final Judgment, it is now hereby:

ORDERED that, Defendant, alone, or in concert with any directors, officers, shareholders, employees, agents, servants, representatives, attorneys, successors and assigns, and any and all persons and/or entities acting on behalf of or in concert with Defendant, shall be forever enjoined and restrained:

1. From using merchandise bearing counterfeit copies of Plaintiff's Kiwi trademark, Registration No. 1,776,144, Registered on the Principal Register on June 15, 1993 and/or the Kiwi trade dress;

2. From possessing, receiving, manufacturing, assembling, distributing, warehousing, shipping, transshipping, transferring, storing, advertising, promoting, offering, selling, offering or holding for sale, disposing, or in any other manner handling or dealing with any goods, packaging, wrappers, containers and recepticals, and any catalogues, price lists, promotional materials and the like bearing a copy or colorable imitation of the Kiwi trademark and/or the Kiwi trade dress;

3. From infringing the Kiwi trademark and/or the Kiwi trade dress;

4. From otherwise unfairly competing with Plaintiff;

5. From using any reproduction, counterfeit, copy or colorable imitation of the Kiwi trademarks and/or trade dress in connection with publicity, promotion, sale or advertising of goods sold by Defendant, including, without limitation, health and beauty products bearing a copy or colorable imitation of the Kiwi trademark and/or Kiwi trade dress;

6. From affixing, applying, annexing or using in connection with the same any goods, false description or any representation, including words or other symbols, falsely describing, falsely representing such goods as being those of Plaintiff and from offering such goods in commerce;

7. From using any trademark, trade name or trade dress in connection with the manufacture, sale or distribution of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff;

8. From assisting, aiding or betting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (7) above; and it is further

ORDERED that any items, product or merchandise bearing the Kiwi trademark and/or trade dress or any reproduction, counterfeit, copy or colorable imitation thereof currently in the possession of the Defendant be made immediately available for transfer to Plaintiff; and it is further

ORDERED that, upon a finding by a court of competent jurisdiction that the Defendant violated any term of this Permanent Injunction, then Defendant shall be liable to Plaintiff in the sum of fifty thousand dollars ($50,000.00), for each violation, which amount represents

liquidated damages and which shall be awarded to Plaintiff in addition to any other monetary and/or non-monetary remedy which may be available to Plaintiff for any violation of this injunction; and it is further

ORDERED that the bond securing the November 19, 2003 Preliminary Injunction in the amount of $250,000.00 (Docket Entry # 10) shall be discharged; and it is further

ORDERED that Plaintiff has judgment against Pell, Inc., in the sum of five hundred thousand dollars ($500,000.00) as damages and that execution issue therefor.

THE BROWN LAW GROUP, P.C.

By: _____  5/24/06
Rodney A. Brown (RB 7558)  Dated:

Attorneys for Plaintiff
Sara Lee / DE International, B.V.
Two Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 421-1845
Fax: (212) 421-1845


I, Paul D. Pell, have read this document and consulted with my counsel prior to executing this document of behalf of Pell, Inc.


PELL, INC.


By: _____
Paul D. Pell                    Dated:

President of Pell, Inc.
837 Godfrey Avenue, S.W.
Grand Rapids, MI 49503

3

liquidated damages and which shall be awarded to Plaintiff in addition to any other monetary and/or non-monetary remedy which may be available to Plaintiff for any violation of this injunction; and it is further

ORDERED that the bond securing the November 19, 2003 Preliminary Injunction in the amount of $250,000.00 (Docket Entry # 10) shall be discharged; and it is further

ORDERED that Plaintiff has judgment against Pell, Inc., in the sum of five hundred thousand dollars ($500,000.00) as damages and that execution issue therefor.

THE BROWN LAW GROUP, P.C.

By: _____
Rodney A. Brown (RB 7558)  Dated:

Attorneys for Plaintiff
Sara Lee / DE International, B.V.
Two Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 421-1845
Fax: (212) 421-1845


I, Paul D. Pell, have read this document and consulted with my counsel prior to executing this document of behalf of Pell, Inc.


PELL, INC.

By: _____  5-26-04
Paul D. Pell                          Dated:

President of Pell, Inc.
837 Godfrey Avenue, S.W.
Grand Rapids, MI 49503


3

WITNESSED BY:

LAW, WEATHERS & RICHARDSON, P.C.

By: _____/s/ Michael J. Roth___ 5/22/06_____
      Michael J. Roth (P51795)        Dated:

Attorneys for Defendants
Pell, Inc., Paul D. Pell, Brent D. Clark and
ManaKey Group LLC
Suite 800, Bridgewater Place
Grand Rapids, MI 49504
(616) 459-1171
Fax (616) 732-1740


DONE AND ORDERED in Chambers at Grand Rapids, Michigan this __19__ day of __June__, 2006.

                              SO ORDERED:


                              /s/ Richard Alan Enslen
                                  U.S.D.J.